Valerie May PALMER, et. al,
Plaintiffs/Appellants,

v.

Roberto GRAJEDA, Jr.,
Defendant/Respondent.

No. ED 89357.

Missouri Court of Appeals,
Eastern District,
Division Five.

June 29, 2007.

Aaron M. Staebell, St. Peters, MO, for Appellant.

Benicia Ann Baker–Livorsi, St. Charles, MO, for Respondent.

BOOKER T. SHAW, C.J.

Valerie Palmer, on behalf of minor Kayla Grajeda and herself, (Appellants) appeals from a judgment granting the motion for temporary stay filed by Roberto Grajeda, Jr. (Respondent)[1]. Because there is no final, appealable judgment, we dismiss the appeal.

On December 8, 2006, Appellants filed a petition in St. Charles County Circuit Court to determine a father-child relationship, for child custody, and for child support. Respondent filed a motion to dismiss the petition, alleging that he had filed a petition for an emergency order of pro-

---

1. Several pleadings also spell the parties' last name as "Grejada." We use the spelling that is used by the trial court on the judgment in question.

tection and for child custody in the Circuit Court of Cook County, Illinois on November 29, 2006. On January 12, 2007, the circuit court entered an order and judgment concluding that Missouri had jurisdiction under the UCCJA, section 452.440 et. seq., RSMO, but that Illinois appropriately exercised emergency jurisdiction in Cook County. The court concluded that Illinois was a more convenient forum to exercise jurisdiction and the best interest of the child would be served by Illinois exercising jurisdiction. The court ordered that the Missouri proceeding be immediately stayed "until the entry of a final custodial decree in Illinois or the dismissal of all relevant custodial actions in Illinois." Appellants filed this appeal.

This Court has an obligation to examine whether it has jurisdiction *sua sponte*. Typically, an appellate court only has jurisdiction over final judgments that dispose of all issues and parties and leave nothing for future determination. *Gibson v. Brewer*, 952 S.W.2d 239, 244 (Mo. banc 1997); Rule 74.01(b). Moreover, for a judgment to be appealable, it must be one that finally disposes of at least one claim on the merits and not a ruling on miscellaneous issues that does not resolve even one claim. *Id.* "A judgment which resolves fewer than all legal issues as to any single 'claim for relief' is not final...." *Committee for Educational Equality v. State*, 878 S.W.2d 446, 450 (Mo. banc 1994).

Here, the judgment in question did not resolve any of the issues or claims raised in the petition concerning paternity, custody or child support. The judgment simply stayed all proceedings pending the issuance of a final custodial decree in Illinois or a dismissal of the custodial actions in Illinois. This is not a final judgment from which an appeal lies.

This Court issued an order directing Appellants to show cause why their appeal should not be dismissed. Appellants have not filed a response. The appeal is dismissed without prejudice for lack of a final, appealable judgment.

GLENN A. NORTON and PATRICIA L. COHEN, JJ.